United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO ALEJANDRO HERNANDEZ MENDIOLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03324 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Francisco Alejandro Hernandez Mendiola, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention. Doc. No. 1.

The petition and summary judgment evidence reflect that Petitioner entered the United States without inspection and, therefore, is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. *See* Doc. No. 1 at 9; Doc. No. 6-1 at 2-5. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory or due process grounds.

Likewise, his Fifth Amendment equal protection claim is unavailing because he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*. Noncitizens who entered legally with a visa and overstayed are distinct from those who entered illegally without inspection. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens). He does not show that the government has violated his equal protection rights by treating him differently from those who entered legally.

Therefore, the Court **ORDERS** as follows:

1. The Respondents' motion for summary judgment (Doc. No. 6) is **GRANTED**.
2. This petition (Doc. No. 1) is **DISMISSED**.
3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this 9th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE